UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LISA M.,[1]

                                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

DECISION & ORDER

20-CV-0178MWP

_____

**PRELIMINARY STATEMENT**

Plaintiff Lisa M. ("plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for Disability Insurance Benefits and Supplemental Security Income ("DIB/SSI"). Pursuant to the Standing Order of the United States District Court for the Western District of New York regarding Social Security cases dated June 29, 2018, this case has been reassigned to, and the parties have consented to the disposition of this case by, the undersigned. (Docket # 14).

Currently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket ## 11, 12). For the reasons set forth below, this Court finds that the decision of the Commissioner is supported by substantial evidence in the record and is in accordance with applicable legal standards.

---

[1] Pursuant to the November 18, 2020 Standing Order of the United States District Court for the Western District of New York regarding identification of non-governmental parties in social security opinions, the plaintiff in this matter will be identified and referenced solely by first name and last initial.

Accordingly, the Commissioner's motion for judgment on the pleadings is granted, and plaintiff's motion for judgment on the pleadings is denied.

## DISCUSSION

### I.  Standard of Review

This Court's scope of review is limited to whether the Commissioner's determination is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards.  *See Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) ("[i]n reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision"), *reh'g granted in part and denied in part*, 416 F.3d 101 (2d Cir. 2005); *see also Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) ("it is not our function to determine *de novo* whether plaintiff is disabled[;] . . . [r]ather, we must determine whether the Commissioner's conclusions are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard") (internal citation and quotation omitted).  Pursuant to 42 U.S.C. § 405(g), a district court reviewing the Commissioner's determination to deny disability benefits is directed to accept the Commissioner's findings of fact unless they are not supported by "substantial evidence."  *See* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive").  Substantial evidence is defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation omitted).

To determine whether substantial evidence exists in the record, the court must consider the record as a whole, examining the evidence submitted by both sides, "because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).  To the extent they are supported by substantial evidence, the Commissioner's findings of fact must be sustained "even where substantial evidence may support the claimant's position and despite the fact that the [c]ourt, had it heard the evidence *de novo*, might have found otherwise." *Matejka v. Barnhart*, 386 F. Supp. 2d 198, 204 (W.D.N.Y. 2005) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982), *cert. denied*, 459 U.S. 1212 (1983)).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A).  In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis.  *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*).  The five steps are:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";

(3) if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations (the "Listings");

  (4)  if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform [her] past work; and

  (5)  if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d at 383 (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## II. The ALJ's Decision

  In his decision, the ALJ followed the required five-step analysis for evaluating disability claims. Under step one of the process, the ALJ found that plaintiff had not engaged in substantial gainful activity since April 12, 2015, the alleged onset date. (Tr. 10-19).[2] At step two, the ALJ concluded that plaintiff had the following severe impairments: major depressive disorder, bipolar disorder, asthma, status post tibial fracture. (*Id.*). At step three, the ALJ found that plaintiff did not have an impairment (or combination of impairments) that met or medically equaled one of the listed impairments in the Listings. (*Id.*).

  The ALJ concluded that plaintiff retained the mental RFC[3] to perform light work with certain nonexertional limitations. (*Id.*). Specifically, plaintiff was limited to work

---

 [2] The administrative transcript (Docket # 6) shall be referred to as "Tr. ___," and references thereto utilize the internal Bates-stamped pagination assigned by the parties.

 [3] Plaintiff's contentions relate only to the mental aspect of the ALJ's RFC determination. Therefore, I address only the mental portion of the RFC. *See, e.g., Coleman v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 389, 394

4

involving simple, routine, and repetitive tasks, with no detailed instructions or production rate or pace work, and only occasional interaction with the public and coworkers. (*Id.*). Additionally, plaintiff required a low stress work environment involving only occasional decision-making and changes in the work setting. Finally, the ALJ also concluded that plaintiff would be off task up to five percent of the workday, in addition to customary breaks. (*Id.*). At steps four and five, the ALJ found that plaintiff did not have any past relevant work, but that other jobs existed in significant numbers in the national economy that, based on her age, education, work experience, and RFC, plaintiff could perform, such as hand packer, marker, and small products assembler. (*Id.*). Accordingly, the ALJ found that plaintiff was not disabled. (*Id.*).

### III.     Plaintiff's Contentions

Plaintiff contends that the ALJ's determination that she was not disabled is not supported by substantial evidence and is the product of legal error. (Docket # 11-1). In her four-page argument, plaintiff identifies a litany of purported deficiencies in the ALJ's RFC analysis. (*Id.* at 9-12). Specifically, she maintains that the ALJ's mental RFC determination is not supported by substantial evidence because the ALJ failed to account for the limitations assessed by consultative examiner Gregory Fabiano, Ph.D. (*Id.* at 9-10). Next, she contends that Fabiano's opinion was too vague to constitute substantial evidence to support the ALJ's assessment and that the ALJ failed to adequately articulate the connection between the limitations identified by Fabiano and the RFC he ultimately assessed, or to otherwise perform a function-by-function analysis. (*Id.* at 10-11). Finally, plaintiff maintains that the ALJ

---

n.3 (W.D.N.Y. 2018) ("[p]laintiff challenges only those portions of his RFC relating to his mental limitations[;] ... [a]ccordingly, this [d]ecision and [o]rder addresses the RFC only as it pertains to [p]laintiff's mental limitations").

improperly formulated the RFC based upon his own lay opinion of plaintiff's functional capacity. (*Id.* at 11-13).

IV.  **Analysis**

An individual's RFC is her "maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96–8p, 1996 WL 374184, *2 (July 2, 1996)). In making an RFC assessment, the ALJ should consider "a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 221 (N.D.N.Y. 2009) (citing 20 C.F.R. § 404.1545(a)). "To determine RFC, the ALJ must consider all the relevant evidence, including medical opinions and facts, physical and mental abilities, non-severe impairments, and [p]laintiff's subjective evidence of symptoms." *Stanton v. Astrue*, 2009 WL 1940539, *9 (N.D.N.Y. 2009) (citing 20 C.F.R. §§ 404.1545(b)-(e)), *aff'd*, 370 F. App'x 231 (2d Cir. 2010) (summary order).

A.  **ALJ's Assessment of Plaintiff's Social Interaction Limitations**

I turn first to plaintiff's contention that the ALJ improperly failed to account for her limitations in her ability to interact with supervisors in formulating the RFC, despite purporting to give Fabiano's opinion "great weight." (Docket # 11-1 at 9-10). Fabiano assessed that plaintiff suffered from moderate limitations in her ability to relate adequately with others and appropriately deal with stress and mild limitations in her ability to maintain attention and concentration. (Tr. 290-93). Plaintiff maintains that although the RFC adequately accounted for her limited ability to interact with coworkers and the general public, the ALJ erred by not

6

including any limitation with respect to her ability to interact with supervisors. (Docket # 11-1 at 9-10). I find that any error by the ALJ in this regard was harmless and does not warrant remand.

As an initial matter, plaintiff does not identify any evidence in the record that suggests that she is unable to interact with supervisors and requires an RFC to account for such a limitation. *See Meiers v. Comm'r of Soc. Sec.*, 2020 WL 2768740, *5 (W.D.N.Y. 2020) ("[t]he ALJ's determination not to include any specific limitation in the RFC relating to [plaintiff's] ability to interact with supervisors . . . is consistent . . . with other record evidence demonstrating that [plaintiff] herself reported no difficulties following instructions or responding appropriately to those in authority[;] . . . [plaintiff] has simply failed to provide any support for her contention that [the physicians'] conclusion[s] that she has 'some' limitations in her ability to interact with others required the ALJ to conclude that she would be limited in her ability to interact with supervisors"); *Patterson v. Comm'r of Soc. Sec.*, 2019 WL 4573752, *5 (W.D.N.Y. 2019) ("[p]laintiff presents no evidence that he could not respond appropriately to supervision[;] . . . [although physician] indicated plaintiff was 'moderately limited' in interacting with others, she did not specifically identify any problems in interacting with supervisors[,] . . . [and] [p]laintiff provides no citation to evidence in the record to support his assertion he could not appropriately respond to supervisors"); *Martinez Reyes v. Comm'r of Soc. Sec.*, 2019 WL 3369255, *7 (W.D.N.Y. 2019) (failure to account for limitations in interacting with supervisors harmless where there was "not substantial evidence in the record to support a finding that plaintiff was substantially limited in interacting with supervisors"). In any event, any failure by the ALJ to include a specific limitation relating to plaintiff's ability to interact with supervisors in the RFC was harmless because the positions identified by the vocational expert that plaintiff could perform do not require more than occasional interaction with supervisors. *See Martinez Reyes v.*

*Comm'r of Soc. Sec.*, 2019 WL 3369255 at *7 ("because the jobs cited by the [vocational expert] involve only occasional interaction with supervisors, the ALJ's failure to address [the treating physician's] opinion as to plaintiff's ability to interact with supervisors is not grounds for remand"). As his decision makes clear, the ALJ concluded, based upon the testimony of the vocational expert, that plaintiff retained the ability to perform the positions of hand packer, DICOT 559.687-074, 1991 WL 683797 (1991), marker, DICOT 209.587-034, 1991 WL 671802 (1991), and small products assembler, DICOT 706.684-022, 1991 WL 679050 (1991). (Tr. 18). As discussed below, none of these positions requires significant interaction with supervisors.

The Dictionary of Occupational Titles ("DICOT") "provides a code, numbered 0-8, for the type of social interaction each occupation requires." *Habschied v. Berryhill*, 2019 WL 1366040, *9 (W.D.N.Y. 2019) (citing *Race v. Comm'r of Soc. Sec.*, 2016 WL 3511779, *5 n.4 (N.D.N.Y.), *report and recommendation adopted by*, 2016 WL 3512217 (N.D.N.Y. 2016)). Each of the positions identified by the vocational expert in this case indicates that the type of social interaction required is a level 8, meaning that the degree of relation to people is "not significant." *See* DICOT 559.687-074, 1991 WL 683797 (1991) (hand packer); DICOT 209.587-034, 1991 WL 671802 (1991 (marker); DICOT 706.684-022, 1991 WL 679050 (1991) (small products assembler). Level 8 interaction requires:

> Taking Instructions—Helping: Attending to the work assignment instructions or orders of supervisor. (No immediate response required unless clarification of instructions or orders is needed). Helping applies to 'non-learning' helpers.

*See* DIOT, Appendix B, 1991 WL 688701 (1991). Positions categorized as involving level 8 interaction can be performed by individuals who require limited interaction with supervisors. *See Call v. Comm'r of Soc. Sec.*, 2017 WL 2126809, *5 (N.D.N.Y. 2017); *Alie v. Berryhill*, 2017 WL 2572287, *16 (E.D. Mo. 2017) ("[l]evel 8 interaction is compatible with a RFC limiting a

claimant to only superficial contact with coworkers, supervisors, and the public"); *Race v. Comm'r of Soc. Sec.*, 2016 WL 3511779 at *5 n.4; *Sanchez v. Colvin*, 2014 WL 5147793, *16 (M.D. Pa. 2014) ("a position with this 'people' code is one that can be performed despite limitations in interacting with supervisors") (collecting cases).  Accordingly, any error in failing to include a limitation in the RFC relating to interaction with supervisors was harmless, and remand is not warranted on this basis.  *See Martinez Reyes*, 2019 WL 3369255 at *7 ("any failure by the ALJ to account for [physician's] opinion regarding plaintiff's ability to interact with supervisors was harmless because the jobs cited by the [vocational expert] involved only occasional interaction with supervisors").

      B.      **Plaintiff's Remaining Contentions**

The remainder of plaintiff's challenges to the ALJ's RFC assessment are not grounded in any purported conflicting evidence contained in the record or any evidence suggesting that her limitations are greater than those assessed by the ALJ.  (Docket # 11-1 at 10-12).  Rather, she maintains remand is warranted based solely on purported deficiencies in the ALJ's decision, including that he improperly relied on Fabiano's "vague" opinion and that he failed to adequately articulate the connection between the limitations identified by Fabiano and the RFC he ultimately assessed, or to otherwise perform a function-by-function analysis.  (*Id.*).

Indeed, plaintiff does not cite a single page of the transcript in raising these challenges and instead relies solely on legal conclusions in an effort to overturn the ALJ's decision.  While certain legal errors may require remand, "the Court's job is not to nitpick the ALJ's decision, but rather to determine whether it is supported by substantial evidence, and whether the ALJ has minimally articulated" his rationale.  *See Pulido v. Colvin*, 2014 WL 3642241, *11 (N.D. Ill. 2014).  Nor is it the Court's job to mine the record to uncover factual

support for plaintiff's contentions where the plaintiff has cited none. Based upon my review of the submissions, the ALJ's decision, and applicable caselaw, I determine that plaintiff's remaining contentions are without merit.[4] *See*, *e.g.*, *Wakefield v. Comm'r of Soc. Sec.*, 2020 WL 3100852 at *4 ("[n]or do I find that the ALJ failed to conduct a function-by-function assessment, failed to adequately explain the basis for the RFC she formulated, or reached her RFC

---

[4] Plaintiff contends, again without citing any contradictory evidence, that the ALJ failed to explain his determination that plaintiff would be off task five percent of the workday, maintaining that this error alone warrants reversal. (Docket # 11-1 at 11-12). The cases plaintiff cites in support of this proposition each involved an off-task or other limitation adopted by the ALJ despite record evidence, particularly a medical opinion, that conflicted with such a limitation or a determination by the ALJ to discount a medical opinion that arguably supported the limitation. *See*, *e.g.*, *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order) (ALJ's determination that plaintiff would be off task for six minutes of every hour not supported where orthopedic examiner opined plaintiff would require regular comfort breaks and plaintiff testified he would require up to a twenty minute break); *Wouters v. Comm'r of Soc. Sec.*, 2020 WL 2213896, *4 (W.D.N.Y. 2020) ("[t]his is especially true where, as here, the ALJ discounted all of the opinions in the record; . . . [t]he off-task component of the RFC here was not tethered to any particular medical opinion evidence and the ALJ gave diminished weight to all of the opinions she addressed"); *Silkowski v. Comm'r of Soc. Sec.*, 2020 WL 1493951, *7 (W.D.N.Y. 2020) (ALJ improperly translated opinion that plaintiff required ability to frequently change positions into a limitation that plaintiff could change position for up to five minutes every hour; contradicting evidence included opinion evidence that plaintiff could only stand and sit for up to two hours and sit for up to four hours in a workday and an opinion that plaintiff was moderately to markedly limited in standing and walking and moderately limited in sitting a long time); *Cheek v. Comm'r of Soc. Sec.*, 2020 WL 2028258, *5 (W.D.N.Y. 2020) ("[t]he RFC limitation for alternating between sitting and standing is at odds with [p]laintiff's hearing testimony that she can sit for '5 minutes at the most' before experiencing pain"); *Annis v. Comm'r of Soc. Sec.*, 2019 WL 6875231, *10 (W.D.N.Y. 2019) ("no medical opinion supports the ALJ's 5% off-task determination[;] [the treating physician] opined that [plaintiff] would be off task for at least 30% of the workday"). By contrast, the ALJ here gave great weight to the only medical opinion in the record assessing plaintiff's mental functioning, and the ALJ's decision suggests that he fashioned the RFC based upon Fabiano's opinion and the incorporation of additional restrictions based upon plaintiff's own testimony, such as her testimony that she has difficulty with concentration and stress (Tr. 15, 34-35, 41) or that she sometimes needs breaks when performing tasks (Tr. 45). Under these circumstances, I do not find that remand is warranted. *See*, *e.g.*, *Thomas S. v. Comm'r of Soc. Sec.*, 2021 WL 1293105, *4 (W.D.N.Y. 2021) ("the ALJ did not commit remandable error in making a determination that [p]laintiff would be off-task 5% of the workday where the limitation did not correspond to a specific medical source opinion") (citing *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016) (summary order)); *Wakefield v. Comm'r of Soc. Sec.*, 2020 WL 3100852, *5 (W.D.N.Y. 2020) ("I find that remand is not warranted on the grounds that the ALJ included greater limitations in her RFC determination than those opined by [the consulting physician] or assessed a sit/stand option based upon [plaintiff's] own testimony); *Lesanti v. Comm'r of Soc. Sec.*, 2020 WL 500986, *6 (W.D.N.Y. 2020) ("[t]he fact that the ALJ afforded [p]laintiff the benefit of the doubt and included a 5% off-task time limitation in the RFC assessment is not grounds for remand"); *Beaman v. Comm'r of Soc. Sec.*, 2020 WL 473618, *5 (W.D.N.Y. 2020) ("[p]laintiff's argument that the ALJ based her highly specific RFC based upon her own lay opinion necessarily fails[;] [i]t is clear that the ALJ fashioned her RFC finding by referring to [the consultative examiner's opinion] and incorporating additional restrictions based on [p]laintiff's own testimony"); *Catalfamo v. Berryhill*, 2019 WL 1128838, *2 (W.D.N.Y. 2019) (rejecting argument that ALJ improperly substituted his own lay opinion where ALJ gave "little weight" to two medical opinions and "impose[d] more restrictions than th[ose] two opinions suggested were necessary"); *Baker o/b/o Baker v. Berryhill*, 2018 WL 1173782, *2 (W.D.N.Y. 2018) ("[w]here an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand") (emphasis in original).

determination without relying on a medical opinion and thus based it on her own lay interpretation of the medical evidence[;] . . . [r]ather, review of the ALJ's decision demonstrates that in fashioning the RFC, the ALJ appropriately considered and weighed [the consultative] opinion, but ultimately assessed greater limitations than those opined by [the consultative examiner], giving [plaintiff] and her testimony the benefit of the doubt"); *Beckles v. Comm'r of Soc. Sec.*, 2019 WL 4140936, *5 (W.D.N.Y. 2019) ("the use of phrases such as 'moderate' or mild' by a consultative examiner does not automatically render the opinion impermissibly vague"); *Varnum v. Colvin*, 2016 WL 4548383, *16 (W.D.N.Y. 2016) ("although an expert opinion may describe a claimant's impairments in terms that are so vague as to render the opinion useless, . . . the use of imprecise phrases by a consultative examiner does not automatically render an opinion impermissibly vague"); *Gross v. Astrue*, 2014 WL 1806779, *19 (W.D.N.Y. 2014) ("[a]n ALJ's failure to express a claimant's RFC in a function-by-function analysis does not necessarily mandate remand so long as the RFC is otherwise supported by substantial evidence").

## **CONCLUSION**

This Court finds that the Commissioner's denial of DIB/SSI was based on substantial evidence and was not erroneous as a matter of law. Accordingly, the ALJ's decision is affirmed. For the reasons stated above, the Commissioner's motion for judgment on the

pleadings **(Docket # 12)** is **GRANTED**.  Plaintiff's motion for judgment on the pleadings

**(Docket # 11)** is **DENIED**, and plaintiff's complaint (Docket # 1) is dismissed with prejudice.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                            MARIAN W. PAYSON
                                       United States Magistrate Judge

Dated: Rochester, New York
        August 10, 2021